**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| YOLANDA ANDREWS<br>7103 Mahogany Drive<br>Landover, MD 20785, | * * * * | |
| Plaintiff, | * * | Civil Action No.: |
| v. | * * | |
| CAPITAL DIGESTIVE CARE LLC,<br>12510 Prosperity Drive, Suite 200<br>Silver Spring, Maryland 20904 | * * * * | |
| Serve On:   Maureen McCarthy<br>and Steve Braunstein,<br>Resident Agent<br>11200 Rockville Pike<br>Suite 415,<br>North Bethesda, MD 20852 | * * * * * * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Yolanda Andrews ("Plaintiff"), by her undersigned counsel, Omar Vincent Melehy and Melehy & Associates LLC, hereby brings suit against Defendant, Capital Digestive Care, LLC (hereafter "Capital Digestive") for violations of the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 and 207 ("FLSA"), the overtime provisions of the Maryland Wage and Hour Law, § 3-415 ("MWHL") and the Maryland Wage Payment and Collection Law ("MWPCL"), §§ 3-501 and 3-505 ("MWPCL"). Plaintiff alleges as follows:

### PARTIES

1. Plaintiff is an adult over twenty-one (21) years of age and a resident of Prince George's County, Maryland.

2. Capital Digestive is a Maryland Limited Liability Company located at 12510

Prosperity Drive, Suite 200, Silver Spring, MD 20904 in Montgomery County, Maryland. At all times relevant to this action, Capital Digestive is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because Capital Digestive employed Plaintiff directly. At all times relevant to this Complaint, Capital Digestive was an enterprise engaged in commerce within the meaning of 29 USC §§ 203 and 207, as it earned an annual gross volume of business in excess of $500,000.00, it was engaged in commerce, and it employed persons engaged in commerce.  Additionally or alternatively, Plaintiff is a covered employee because she worked on goods and/or materials that had been moved in or produced for commerce within the meaning of the §§ 203 and 207.

## JURISDICTION

3. Plaintiff is asserting causes of action which arise under the FLSA, MWHL, and the MWPCL.

4. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

5. This Court has *in personam* jurisdiction over Defendants because they conduct business in Montgomery County, Maryland and/or because the events giving rise to these claims occurred in Montgomery County, Maryland.

## VENUE

6. Defendant does business in Montgomery County, Maryland.

7. Venue is proper because Defendant does business in the State of Maryland.

**ALLEGATIONS OF FACTS**

8.   Capital Digestive is a medical facility located at 12510 Prosperity Drive, Suite 200, Silver Spring, MD 20904 that focuses mainly on the treatment of digestive ailments.

9.   From December 15, 2008 to August 28, 2013, Plaintiff was employed by Capital Digestive as an Executive Assistant.  Plaintiff has a High School Education.  From the inception of Plaintiff's employment with Capital Digestive, it misclassified her as an exempt employee and paid her on a salary basis.  Plaintiff received the same amount of pay regardless of the number of hours she worked.

10.   With the exception of the time period from approximately June 4, 2012 to approximately December 31, 2012, Plaintiff's primary functions consisted of a mish mash of low lever administrative duties for the President/Chief Executive Officer ("President/CEO"), the Chief Operating Officer, Kevin Harlan ("Harlen" or the "COO"), and to assist the Chief Financial Officer ("CFO") and the Director of Human Resources ("DHR"), when needed. Plaintiff performed the following duties, among others: filing; scheduling meetings and calendaring appointments and events for the COO and the President/CEO; assisting in the rudimentary administrative processing of new hires; resetting passwords for computer network access; repairing and trouble-shooting the time keeping system; processing payroll by verifying that the reported hours for each employee were correct; ordering office supplies; trouble shooting printers; working with an offsite vendor regarding computer problems; opening up the office in the morning; greeting visitors to the corporate office; contacting the Capital Digestive's health Insurance company to enroll new employees; sitting in on meetings where employees were being terminated by managers; assisting with the creation and tracking of pension enrollment forms for all divisions; performing a cash reconciliation for the CFO which included counting cash

received and sending it to the bank; setting up remote banking scanners and scanning checks and other items every day; coordinating travel for the COO; organizing educational seminars; and assisting the CFO with wire transfers.

11.     On June 4, 2012, COO Harlen asked Plaintiff if she would assist in setting up Capital Digestive's Document Management Center ("DMC").  The DMC was a unit within Capital Digestive's located in Bowie, Maryland, where all of its electronic medical records were to be scanned and stored.  The goal was to convert paper records to electronic records in each separate division of Capital Digestive.

12.     On June 4, 2012, COO Harlan asked Plaintiff if she would help set up the DMC. Plaintiff agreed.  During this time, Plaintiff performed principally rudimentary administrative functions related to the creation of the DMC.  From June 4, 2012 through December 31, 2012, Plaintiff performed these functions.  Throughout this time frame, Plaintiff continued to perform some of her duties of Executive Assistant and, on average, she devoted approximately 10 hours per week to this function.

13.     During the first two weeks of the project, June 4 through June 19, 2012, Plaintiff spent the vast majority to her time setting up the office which included procuring telephone lines and internet connections, driving to various office locations picking up medical records and transporting them back to the DMC; ordering office supplies; obtaining shelving units from a vendor; ordering furniture; and participating in training on use of the medical records software.

14.     On or just prior to June 19, 2012, Plaintiff began scanning the records into the electronic medical records system.  From June 19, 2012 to December 31, 2012, Plaintiff spent the vast majority of her time scanning paper records into the system and uploading them into the system.

15. From approximately June 4, 2012 to December 31, 2012, Plaintiff spent a very small amount of her time interviewing approximately 12 applicants for Document Scanning Associate positions in the DMC. She, along with the DHR, made recommendations as to hiring of the Document Scanning Associates. Plaintiff also gave them guidance them on the scanning process and checked their work. However, this was a very small percentage of the Plaintiff's time spent on the duties discussed in this paragraph.

16. Plaintiff worked approximately 45-50 hours a week from August 27, 2010 to June 3, 2012.

17. From approximately June 4, 2012 through December 31, 2012, Plaintiff worked approximately 120 hours a week.

18. From January 1, 2013 to the present, Plaintiff has worked approximately 45-50 hours per week and continues to do so.

19. Plaintiff's current annual salary of $73,985.00.

## COUNT I
### (Violations of the FLSA's Overtime Provisions, 29 U.S.C. § 207)

20. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

21. Beginning on December 1, 2012 on continuing until June 4, 2013, Capital Digestive violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff one and one half times her regular hourly rate for each hour over 40 that she worked in a particular work week.

22. Capital Digestive was, at all times relevant to this Complaint, an "employer" of Plaintiff within the meaning of the FLSA § 207.

23. Additionally, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 206 and 215(a).

24. Plaintiff was at all times a covered employee under FLSA. However, Capital Digestive misclassified Plaintiff as an exempt employee.

25. At all times relevant to this Complaint, Capital Digestive was an employer within the meaning of 29 U.S.C. §§ 203 and 207.

26. Capital Digestive was at all times an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203 and 207.

27. Capital Digestive failed to pay Plaintiff one and one half times her regular hourly rate for each hour over 40 that she worked from August 27, 2010 to the present and continuing into the future.

28. Capital Digestive's failure to comply with the overtime provisions of the FLSA was a willful violation as described in 29 U.S.C. § 255(a), which provides that an action under the FLSA may be commenced within three years after the cause of action accrued.

29. Capital Digestive is liable to Plaintiff for her unpaid overtime compensation, plus an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff prays that Judgment be entered against the Capital Digestive,

    a. For the amount of the unpaid overtime compensation due to Plaintiff for the three years prior to the date this Complaint was filed, approximately $30,000.00.

    b. For an additional amount of liquidated damages equal to the unpaid overtime compensation described in the preceding subsection, as authorized by 29 U.S.C. § 216 (b), - approximately $30,000.00;

    c. For Plaintiff's reasonable attorneys' fees and costs incurred in this action, as

authorized by 29 U.S.C. § 216(b);

d. Any additional legal or equitable relief that this Court deems proper, including but not limited to an injunction prohibiting further violations of applicable law, including the overtime provisions and record keeping requirements of the FLSA.

## COUNT II
### (Violations of the Overtime Provisions of the Maryland Wage and Hour Law)

30. Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

31. Md. Code Ann., Labor & Employ. § 3-415(a) provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly rate" to its employees.

32. At all times relevant to the Complaint, Capital Digestive was an "employer" within the meaning of Md. Code Ann., Labor & Employ. §§ 3-401.

33. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Md. Code Ann., Labor & Employ. § 3-401 at all times relevant to this Complaint.

34. From August 27, 2010 to the present and continuing into the future, Capital Digestive violated the MWHL by failing to pay Plaintiff one and one half times her regular hourly rate for each hour over 40 that she worked in a work week.

35. As a result, the aforesaid actions and/or omissions of Capital Digestive violated Md. Code Ann., Labor & Employ. § 3-415(a).

WHEREFORE, Plaintiff prays that Judgment be entered against Capital Digestive for the following:

a. For the amount of unpaid overtime compensation due to Plaintiff equal to $30,000.00 or such other amount that may be proven at trial;

    b.    Reasonable attorneys' fees, costs, and expenses of this action; and

    c.    Any additional legal or equitable relief that this Court deems proper.

## COUNT III
### (Violations of the Maryland Wage Payment and Collection Law)

26.    Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

27.    Plaintiff was an "employee," of Capital Digestive within the meaning of MWP&CL, § 3-501 and § 3-502.

28.    Capital Digestive was an "employer" of Plaintiff within the meaning of MWP&CL, § 3-501 and § 3-502.

29.    Capital Digestive, as Plaintiff's employer, was obligated to pay Plaintiff all wages due to her for the work that she performed.

30.    As detailed above, Capital Digestive failed to compensate Plaintiff for the overtime pay it legally owed, approximately $30,000.00.

31.    Capital Digestive's failure to pay Plaintiff the wages due her was not the result of any *bona fide* dispute.

WHEREFORE, Plaintiff prays that Judgment be entered against Capital Digestive for:

    a.    For three times the amount of overtime and minimum wage compensation owed to Plaintiff – approximately $90,000.00;

    b.    For attorneys' fees, costs, and expenses of this action;

    c.    Such other legal and equitable relief as the Court deems proper.

       Respectfully submitted,

       <u>/s/Omar Vincent Melehy</u>
       Omar Vincent Melehy
       Bar No.: 05712
       Melehy & Associates LLC
       8403 Colesville Road, Suite 610
       Silver Spring, Maryland 20910
       ovmelehy@melehylaw.com
       Tel: (301) 587-6364
       Fax: (301) 587-6308
       *Attorneys for Plaintiff*